**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————

ABEL FLORENTINO-FRANCISCO,

Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,[*]

Respondent.

No. 14-9601
(Petition for Review)

———————————————

**ORDER AND JUDGMENT**[**]

———————————————

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

———————————————

Abel Florentino-Francisco, a native and citizen of Mexico, challenges the

Board of Immigration Appeals' (BIA's) decision upholding the denial of his

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent in this action.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application for cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

## BACKGROUND

Mr. Florentino unlawfully entered the United States in 1999.  Several years later he was convicted of soliciting prostitution in violation of Denver Municipal Code § 38-158(A)(1).[1]

In 2012, the Department of Homeland Security initiated removal proceedings against Mr. Florentino based on his unlawful entry.  He appeared before an immigration judge (IJ), conceded removability, and sought cancellation of removal, arguing that removal would create an exceptional and extremely unusual hardship for his United States citizen children.  The IJ denied Mr. Florentino's application, ruling that cancellation was not available because his solicitation conviction was categorically for a crime involving moral turpitude (CIMT).  *See Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009) (observing that "[a]n alien convicted of a CIMT is considered inadmissible and is therefore not eligible for cancellation of removal").  The BIA agreed with the IJ, reasoning that solicitation of prostitution "facilitate[s] the act of prostitution."  R. at 5.

---

[1]     Section 38-158(A)(1) provides that "[i]t shall be unlawful for any person . . . [t]o solicit another person for the purpose of prostitution."  Prostitution is defined as "any act of sexual intercourse . . . with any person not his/her spouse in exchange for money or other thing of value."  *Id.* § 38-156(8).

## DISCUSSION

Because a single member of the BIA entered a brief order dismissing

Mr. Florentino's appeal, we focus our attention on that decision. *See Sarr v.*

*Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). We review de novo whether a state

conviction constitutes a CIMT. *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267

(10th Cir. 2011).[2]

"To determine whether a state conviction is a [CIMT], we ordinarily employ

the categorical approach." *Id.* Under that approach, "this court looks only to the

statutory definition of the offense and not to the underlying facts of the conviction to

determine whether the offense involves moral turpitude." *Efagene v. Holder*,

642 F.3d 918, 921 (10th Cir. 2011). "Moral turpitude refers to conduct which is

inherently base, vile, or depraved, contrary to the accepted rules of morality and

duties owed between man and man, either one's fellow man or society in general."

---

[2]     As part of our review, we generally defer under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), "to precedential BIA interpretations of ambiguous federal immigration statutes so long as the [BIA's] interpretation does not contravene Congressional intent." *Ibarra v. Holder*, 736 F.3d 903, 910 (10th Cir. 2013). The phrase, CIMT, is "[w]ithout question" ambiguous. *Villatoro v. Holder*, 760 F.3d 872, 875 (8th Cir. 2014) (internal quotation marks omitted). But the BIA's decision in this case is "not precedential within the agency." *Efagene v. Holder*, 642 F.3d 918, 920 (10th Cir. 2011). Nor is the decision "reli[ant] on prior BIA precedent addressing the same question," *id.*, despite inclusion of dicta from *Matter of Gonzalez-Zoquiapan*, 24 I. & N. Dec. 549, 554 (BIA 2008), suggesting that solicitation of prostitution *might* be a CIMT. Thus, *Chevron* deference is not warranted and, instead, we apply the lesser quantum of deference from *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (indicating that an agency's statutory interpretation is "entitled to respect" if it has the "power to persuade").

*Id.* (internal quotation marks omitted). "[F]or an offense to involve moral turpitude, it must require a reprehensible or despicable act"— one "that is inherently wrong, or malum in se, rather than conduct deemed wrong only because of a statutory proscription, malum prohibitum." *Id.* at 921 (italics omitted). "A crime of moral turpitude, moreover, necessarily involves an evil intent or maliciousness in carrying out the reprehensible act." *Id.* at 921-22.

The BIA has long viewed prostitution-related crimes as morally turpitudinous. *See, e.g.*, *Matter of Lambert*, 11 I. & N. Dec. 340, 342 (BIA 1965) (holding that "renting rooms with knowledge that the rooms were to be used for the purpose of lewdness, assignation or prostitution were for crimes involving moral turpitude"); *Matter of A–*, 5 I. & N. Dec. 546, 549 (BIA 1953) ("[T]he conducting of a brothel is a form of commercial vice involving the practice of immorality for hire, which is accompanied by an evil intent and involves moral turpitude."); *Matter of W–*, 4 I. & N. Dec. 401, 402 (BIA 1951) ("It is well established that the crime of practicing prostitution involves moral turpitude."); *Matter of S–L–*, 3 I. & N. Dec. 396, 397, 398 (BIA 1949) (holding that "procur[ing] a female inmate for a house of prostitution" involves moral turpitude because (1) it "is a crime in which assistance and aid is given to the carrying on of the business of prostitution" and (2) "[i]t is so far contrary to moral law, as interpreted by the general moral sense of the community, that the offender is brought to public disgrace, is no longer generally respected, and is deprived of social recognition by the community"); *Matter of P–*,

3 I. & N. Dec. 20, 22 (BIA 1947) (concluding that the crime of "keeping a house of ill-fame . . . palpably involves moral turpitude").

Deferring to the BIA's view of prostitution-related crimes, the Ninth Circuit Court of Appeals has held that soliciting prostitution also involves moral turpitude:

> [S]oliciting an act of prostitution is not significantly less base, vile, and depraved than engaging in an act of prostitution. Solicitation is the direct precursor to the act. A person who solicits an act of prostitution does not become appreciably more morally turpitudinous when the other party accepts or the two engage in the act. The base act is the intended result of the base request or offer.
> Solicitation of prostitution is also closely analogous to renting a room with the knowledge that it will be used for prostitution. Both are intended to facilitate the act of prostitution. There is no meaningful distinction that would lead us to conclude that engaging in an act of prostitution is a crime of moral turpitude but that soliciting or agreeing to engage in an act of prostitution is not.

*Rohit v. Holder*, 670 F.3d 1085, 1089-90 (9th Cir. 2012) (internal quotation marks omitted).

We agree with the Ninth Circuit. If prostitution is inherently base, vile, or depraved, so too is the attempt to engage a prostitute by solicitation. Both crimes share a similar intent and result in the same act.

Mr. Florentino disputes the premise that prostitution is morally turpitudinous. He argues that prostitution was historically considered immoral because it involves extramarital sex, and that societal views on that subject have evolved. He then contends that criminalizing prostitution and the solicitation thereof is merely for regulatory purposes.

We reject Mr. Florentino's line of reasoning. First, we must accept the premise that prostitution is a CIMT, as it arises from the BIA's reasonable construction of the statutory term "moral turpitude." *See Padilla-Caldera v. Holder*, 637 F.3d 1140, 1147 (10th Cir. 2011) ("[I]f the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation." (internal quotation marks omitted)); *accord Rohit*, 670 F.3d at 1090 (applying *Chevron* deference to the BIA's long-held view that prostitution is a CIMT).

Second, we disagree with Mr. Florentino's characterization of prostitution and solicitation of prostitution as mere regulatory offenses. Regulatory offenses typically "concern[ ] filing, reporting, and licensing requirements." *Efagene*, 642 F.3d at 923. In contrast, prostitution has been deemed "hurtful to the cause of sound private and public morality and to the general well-being of the people." *United States v. Bitty*, 208 U.S. 393, 401 (1908). Prostitution, and derivatively solicitation of prostitution, are thus inherently wrong, not just wrong because of a statutory proscription.[3]

---

[3]     While the BIA in this case noted that "prostitution in some states has become a regulatory offense and is a quality of life crime to prevent public disorder," R. at 5, it nevertheless found Mr. Florentino's crime to be a CIMT, reasoning that "offenses such as solicitation of prostitution play" a role "in the illicit sex trade, with the violator who solicits a prostitute not knowing whether the prostitute is a 'captive' of a trafficking organization, or controlled by a pimp or a more sinister person," R. at 6. The BIA's reasoning suggests a modified categorical approach to determining whether Mr. Florentino committed a CIMT, and we reject that reasoning. Colorado's

(continued)

The BIA did not err in determining that soliciting prostitution in violation of Denver Municipal Code § 38-158(A)(1) constitutes a CIMT.

## CONCLUSION

The petition for review is denied.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

solicitation-of-prostitution statute does not "set[ ] out one or more elements of the offense in the alternative," *United States v. Trent*, 767 F.3d 1046, 1052 (10th Cir. 2014) (internal quotation marks omitted), *cert. denied*, 135 S. Ct. 1447 (2015), so as to require a modified categorical analysis. We thus do not look beyond the statute to any facts underlying Mr. Florentino's conviction.