**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SALVADOR PORTILLO PEREZ, a/k/a
Salvador Portillo,

     Petitioner,

v.

LORETTA LYNCH, United States
Attorney General,

     Respondent.

No. 15-9537
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Salvador Portillo Perez, a native and citizen of Mexico, seeks review of the

decision of the Board of Immigration Appeals (BIA) upholding an immigration

judge's (IJ) order denying his application for cancellation of removal. The BIA

determined that Mr. Portillo[1] was ineligible for cancellation of removal because he

had been convicted of a crime involving moral turpitude (CIMT), pursuant to

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] In his brief, petitioner refers to himself as Mr. Portillo.

8 U.S.C. § 1227(a)(2)(A)(i), and, therefore, he did not meet the criteria for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). We exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.[2]

## I.    BACKGROUND

Mr. Portillo illegally entered the United States in 1993. In 2002, he was convicted of soliciting prostitution in violation of Denver Municipal Code § 38-158(A)(1),[3] and prostitution in violation of Denver Municipal Code § 38-158(A)(7).[4] In 2010, the Department of Homeland Security commenced removal proceedings on the ground that Mr. Portillo was an alien present in the United States without being admitted or paroled. He conceded removability and applied for cancellation of removal, arguing that removal would create exceptional and extremely unusual hardship for his United States citizen children. Following a hearing at which he was represented by counsel, the IJ determined that Mr. Portillo's convictions were CIMTs, so he was ineligible for cancellation of removal. The IJ

_____

[2] Although the BIA's decision was to deny the discretionary relief of cancellation of removal, the underlying issue is a legal one: whether Mr. Portillo met his burden of proving that his conviction was not a CIMT. Therefore, while this court generally lacks jurisdiction over denials of discretionary relief, *see* 8 U.S.C. § 1252(a)(2)(B), we do have jurisdiction over the legal question presented, *see id.* § 1252(a)(2)(D).

[3] Section 38–158(A)(1) provides that "[i]t shall be unlawful for any person . . . [t]o solicit another person for the purpose of prostitution." Prostitution is defined as "any act of sexual intercourse including but not limited to fellatio, cunnilingus, masturbation, or anal intercourse, with any person not his/her spouse in exchange for money or other thing of value." *Id.* § 38-156(8).

[4] Section 38-158(A)(7) provides that "[i]t shall be unlawful for any person . . . [t]o perform, offer or agree to any act of prostitution."

therefore denied the application, but granted Mr. Portillo's request for voluntary departure. On appeal to the BIA, the BIA held that Mr. Portillo did not meet his burden to show he was eligible for the relief of cancellation of removal, and dismissed the appeal.

Mr. Portillo now seeks review in this court, asserting that the BIA erred in finding his crimes were CIMTs because not all prostitution-related offenses necessarily involve morally turpitudinous conduct. He also argues that because prostitution is a victimless crime, not all prohibited conduct meets the CIMT criteria of maliciousness, an identifiable victim, actual harm, or intent to cause harm.

## II.   DISCUSSION

To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), Mr. Portillo had the burden to show that (1) he had been present in the United States for ten years; (2) his moral character had been good for ten years; (3) he had not been convicted of certain crimes, including CIMTs; and (4) his removal would result in exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1229a(c)(4) (placing burden of proof on alien to establish eligibility); *Mena-Flores v. Holder*, 776 F.3d 1152, 1161 (10th Cir. 2015) (holding alien bears the burden of proving his eligibility for discretionary relief from removal). "An alien convicted of a CIMT is considered inadmissible and is therefore not eligible for cancellation of removal . . . ." *Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009) (citing 8 U.S.C. §§ 1182(a)(2)(A); 1229b(b)(1)(c)). Because the BIA found that Mr. Portillo

3

was ineligible for the discretionary relief he sought due to his inability to show that he had not been convicted of a CIMT, it did not address the other criteria.

The BIA issued a single-member decision affirming the IJ's order. "Thus, although we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Maatougui v. Holder*, 738 F.3d 1230, 1237 n.2 (10th Cir. 2013) (brackets, ellipsis, and internal quotation marks omitted). We review de novo whether a state conviction constitutes a CIMT. *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267 (10th Cir. 2011). Therefore, we review de novo the BIA's legal determination that Mr. Portillo's convictions under Denver Municipal Code §§ 38-158(A)(1)&(7) qualified as CIMTs.

"To determine whether a state conviction is a [CIMT], we ordinarily employ the categorical approach." *Rodriguez-Heredia*, 639 F.3d at 1267. Under that approach, "this court looks only to the statutory definition of the offense and not to the underlying facts of the conviction to determine whether the offense involves moral turpitude." *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011). "Moral turpitude refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and duties owed between man and man, either one's fellow man or society in general." *Id.* (internal quotation marks omitted). To involve moral turpitude, an offense "must require a reprehensible or despicable act," that is, one "that is inherently wrong, or *malum in se*, rather than conduct deemed wrong only because of a statutory proscription, *malum prohibitum*." *Id.* A CIMT "necessarily

4

involves an evil intent or maliciousness in carrying out the reprehensible act." *Id.* at 921-22.

As a panel of this court recently recognized, "[t]he BIA has long viewed prostitution-related crimes as morally turpitudinous." *Florentino-Francisco v. Lynch*, 611 F. App'x 936, 938 (10th Cir. 2015) (collecting cases). There, the panel quoted with approval the holding of *Rohit v. Holder*, 670 F.3d 1085, 1089 (9th Cir. 2012), that "[s]oliciting an act of prostitution is not significantly less base, vile, and depraved than engaging in an act of prostitution." (internal quotation marks omitted).

Mr. Portillo attempts to distinguish *Rohit* because there, the relevant section of the California Penal Code prohibiting solicitation of prostitution required an act in addition to an agreement. *See Rohit*, 670 F.3d at 1089. He asserts that in contrast to the California statute, the relevant sections of the Denver Municipal Code do not require an act in addition to an agreement. But neither *Rohit* nor *Florentino-Francisco* relied on the requirement of an overt act, stating instead: "'A person who solicits an act of prostitution does not become appreciably more morally turpitudinous when the other party accepts or the two engage in the act.'" *Florentino-Francisco*, 611 F. App'x at 938 (quoting *Rohit*, 670 F.3d at 1089-90).

Mr. Portillo also alleges that the BIA took the position that all prostitution-related offenses are CIMTs and thus failed to identify and clarify what acts of prostitution are not CIMTs. He points out that the Denver Municipal Code's definition of prostitution includes sexual acts other than intercourse. *See* Denver Mun. Code § 38-156(8) (including in definition of prostitution "fellatio, cunnilingus,

5

masturbation, or anal intercourse"). He argues that if engaging in sexual intercourse for hire is a CIMT, "then it stands to reason that a simple prostitution offense that is defined to include acts outside of sexual intercourse may not be classified as a [CIMT]." Aplt. Opening Br. at 16. We disagree that the BIA's decision encompassed all prostitution-related offenses; the BIA addressed only the offenses for which Mr. Portillo was convicted.[5] More to the point, Mr. Portillo has cited no authority for his argument that prostitution offenses not involving sexual intercourse are not CIMTs, and has failed to carry his burden of proving that his convictions were not CIMTs.

Finally, Mr. Portillo contends that because prostitution is a victimless crime, not all prohibited conduct meets the CIMT criteria of maliciousness, an identifiable victim, actual harm, or intent to cause harm. But as noted above, the BIA has long held that prostitution is a CIMT, a premise we must accept because it arises from the BIA's reasonable construction of the statutory term "moral turpitude." *See Padilla-Caldera v. Holder*, 637 F.3d 1140, 1147 (10th Cir. 2011) ("[I]f the implementing agency's construction is reasonable, *Chevron[, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984),] requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation." (internal quotation

---

[5] Although the BIA erroneously referred the Colorado Revised Statutes rather than the Denver Municipal Code, it is clear that the BIA was referring to the Denver Municipal Code. *See* R. at 3 (BIA order citing Colorado Revised Statute §§ 38-158(A)(1)&(7); 117 (Denver Mun. Code §§ 38-158(A)(1)&(7)).

6

marks omitted)); *Rohit*, 670 F.3d at 1090 (applying *Chevron* deference to the BIA's long-held view that prostitution is a CIMT).

Moreover, although the BIA has recognized that "it has been many years since the [BIA] has addressed, in a precedent decision, the issue of whether an offense involving prostitution represents a [CIMT]," the BIA has nevertheless concluded "that such an offense is still regarded as inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons and, in particular, to society in general." *Matter of Sehmi*, 2014 WL 4407689, at * 7 (BIA 2014 (unpublished)).[6] "Prostitution, and derivatively solicitation of prostitution, are thus inherently wrong. . . ." *Florentino-Francisco*, 611 F. App'x at 939. Accordingly, we conclude that the BIA did not err in determining that Mr. Portillo's convictions were CIMTs and he was therefore ineligible for the relief of cancellation of removal.

## III.   CONCLUSION

The petition for review is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[6] As an unpublished decision, *Matter of Sehmi* is "not precedential within the agency." *Efagene v. Holder*, 642 F.3d 918, 920 (10th Cir. 2011). Therefore, we do not accord it *Chevron* deference, *see id.*, but cite it for its "power to persuade," *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (stating that an agency's statutory interpretation is "entitled to respect" if it has the "power to persuade").