FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LUIS RAMOS-CASTELLANOS,

　　Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

　　Respondent.

No. 21-9545
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Luis Ramos-Castellanos seeks review of a Board of Immigration Appeals

(BIA) decision denying his application for cancellation of removal.  Exercising

jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

I

Aliens facing removal from this country may apply for discretionary relief

known as cancellation of removal.  *See* 8 U.S.C. § 1229b(b)(1).  To be eligible, an

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alien must show, among other things, that he "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3)," including, as relevant here, a crime involving moral turpitude (CIMT) under either 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) or 1227(a)(2)(A)(i). *Id.* § 1229b(b)(1)(C). Although § 1182(a)(2)(A)(ii)(II) provides an exception for "petty offenses," there is no analogous exception under § 1227(a)(2)(A)(i). And the petty-offense exception of § 1182(a)(2)(A)(ii)(II) does not prevent a CIMT conviction from disqualifying an alien from eligibility for cancellation of removal under § 1227. *Lucio-Rayos v. Sessions*, 875 F.3d 573, 584 (10th Cir. 2017). Given the interplay of these statutes, the question we must answer is whether an alien whose CIMT conviction might fall under the petty-offense exception of § 1182(a)(2)(A)(ii)(II) nevertheless is disqualified from cancellation of removal under § 1227(a) even though he was not "admitted to the United States" as specified in that provision.[1]

---

[1] The relevant portion of § 1227(a) states:

> Any alien . . . in and admitted to the United States shall . . . be removed if the alien is within one or more of the following classes of deportable aliens:
> . . . .
> **(2) Criminal offenses**
> **(A) General crimes**
> **(i) Crimes of moral turpitude**
> > Any alien who—
> > **(I)** is convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, and
> > **(II)** is convicted of a crime for which a sentence of one year or longer may be imposed,
> > is deportable.

Ramos-Castellanos is a Mexican national who entered the United States without inspection in 1997. In 2009, the Department of Homeland Security charged him as removable for being present in this country without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He conceded the charge but applied for cancellation of removal. At a hearing, he acknowledged he had pleaded guilty to solicitation of prostitution, which was punishable by not more than a year in prison. *See* Admin. R. at 145; Denver Municipal Code §§ 38-158(A)(1), 1-13(a) (2009). He also did not dispute that his conviction is a CIMT. *See* Admin. R. at 229; *Perez v. Lynch*, 630 F. App'x 870, 873 (10th Cir. 2015) (unpublished) (upholding BIA's determination that solicitation of prostitution under § 38-158(A)(1) constitutes a CIMT foreclosing eligibility for cancellation of removal under § 1229b(b)(1)(C)).[2] But he argued that his conviction did not disqualify him from cancellation of removal because (1) it fell under the petty-offense exception of § 1182 and (2) he was not "admitted" to the United States for purposes of § 1227.

An IJ denied relief, and the BIA affirmed, ruling that under *Lucio-Rayos* and BIA precedent, even if the solicitation conviction met the petty-offense exception of § 1182, Ramos-Castellanos was still disqualified under § 1227. The BIA reasoned that § 1229b(b)(1)(C)'s cross-reference to § 1227(a)(2) only incorporates the specific characteristics of a disqualifying offense—*viz.*, that an offense is a CIMT punishable by one year or more in prison; it does not import all aspects of § 1227(a), in

---

[2] We may cite unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

particular its language that an alien be "admitted to the United States."

Ramos-Castellanos urged the BIA to overrule its precedent, but the BIA declined to

do so. He subsequently petitioned for review.

## II

"We review de novo the BIA's conclusions on questions of law, including whether

a particular state conviction results in ineligibility for discretionary relief."

*Zarate-Alvarez v. Garland*, 994 F.3d 1158, 1161 (10th Cir. 2021). It is the alien's burden

to establish eligibility for discretionary cancellation of removal. *See* 8 U.S.C.

§ 1229a(c)(4)(A)(i); *Robles-Garcia v. Barr*, 944 F.3d 1280, 1284 (10th Cir. 2019).

Ramos-Castellanos argues that the BIA erred in concluding that he is ineligible

for cancellation of removal. Relying on the plain statutory text, he contends he is not

disqualified under § 1182 because his CIMT conviction falls under the petty-offense

exception of § 1182(a)(2)(A)(ii)(II). Neither is he disqualified under § 1227(a), he

contends, because he was never lawfully "admitted to the United States" as specified

under that provision, and thus he cannot have been "convicted of an offense under

. . . § 1227(a)(2)," § 1229b(b)(1)(C).

To better understand Ramos-Castellanos's argument, it is helpful to know the

relevant statutory history. Before passage of the Illegal Immigration Reform and

Immigrant Responsibility Act of 1996 (IIRIRA), the immigration laws established

two types of hearings: "deportation hearings and exclusion hearings." *Vartelas v.*

*Holder*, 566 U.S. 257, 261 (2012) (internal quotation marks omitted). "Exclusion

4

hearings were held for certain aliens seeking entry to the United States, and deportation hearings were held for certain aliens who had already entered this country." *Id.* An "entry" was defined as "any coming of an alien into the United States[] from a foreign port or place." 8 U.S.C. § 1101(a)(13) (1996). However, IIRIRA replaced the term "entry" with "[t]he terms 'admission' and 'admitted' [to] mean . . . *the lawful entry* of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A) (current version) (emphasis added). IIRIRA also "abolished the distinction between exclusion and deportation procedures and created a uniform proceeding known as 'removal.'" *Vartelas*, 566 U.S. at 262. But the substantive grounds for removal remained two distinct yet sometimes overlapping lists of primarily criminal offenses that render an alien excludable (or in present terminology, "inadmissible") and deportable. *Judulang v. Holder*, 565 U.S. 42, 46 (2011).

Given this statutory scheme, it does not matter, at least for purposes of cancellation of removal, that an alien was not "admitted to the United States" because both inadmissible and deportable aliens can apply for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1) (authorizing the Attorney General to cancel removal of "an alien who is *inadmissible* or *deportable*" if they satisfy the statutory criteria (emphasis added)). What matters is that an alien "has not been convicted of an offense under section 1182(a)(2), [or] 1227(a)(2)." *Id.* § 1229b(b)(1)(C). The question, then, is whether Ramos-Castellanos was convicted of an "offense under" § 1182(a)(2) or § 1227(a)(2). *Id.* He says "an alien who has not been admitted

5

cannot commit the offense of a crime of moral turpitude under 8 U.S.C.

§ 1227(a)(2)(A)(i)." Pet'r Br. at 7. But as we have just explained, § 1227 provides a

list of deportable offenses; it is not a criminal statute. And Ramos-Castellanos does

not dispute that he was convicted of a CIMT. Thus, the cross-reference in

§ 1229b(b)(1)(C) naturally refers only to § 1227's list of the deportable offenses.[3]

Indeed, the BIA rejected this very argument in *Matter of Ortega-Lopez*,

27 I. & N. Dec. 382 (B.I.A. 2018), stating, "It is well-settled that all offenses

described in [§§ 1182(a)(2), 1227(a)(2), and 1227(a)(3)] apply to all aliens—

*regardless of admission status*—for purposes of [§ 1229b(b)(1)(C)]'s bar on

cancellation of removal." *Id.* at 391-92 (emphasis added) (internal quotation marks

omitted). The BIA explained that § 1229b(b)(1)(C)'s cross-reference to § 1227(a)(2)

(and the other statutory sections) "only incorporat[es] the offense-specific

characteristics contained in the cross-referenced sections—that is, the listed generic

offense and any corresponding sentencing requirements." *Id.* at 392. The BIA noted

that § 1227(a)(2)(A)(i) "sets forth a generic offense—a crime involving moral

turpitude—and a sentencing requirement—the offense must be one for which a

sentence of one year or longer may be imposed." *Id.* (internal quotation marks

---

[3] Although Ramos-Castellanos did not dispute that his conviction was a CIMT before the IJ, he equivocates somewhat in his opening brief, arguing that "[b]ecause [he] has not been admitted [to the United States] he could not have committed a crime of moral turpitude under section 1227(a)(2)(A)(i)," Pet'r Br. at 4-5. To be clear, however, he still does not dispute that solicitation is a CIMT; rather, his focus is on whether he satisfies all the statutory language of § 1227(a), insisting that because he was not lawfully "admitted to the United States," he could not have been convicted of a deportable "offense under" § 1227.

omitted). Yet the BIA recognized "that neither the general 'admission' requirement under [§ 1227(a)] nor the temporal requirement in [§ 1227(a)(2)(A)(i)(I)] (that the offense be 'committed within five years . . . after the date of admission') is part of the 'offense' under that section." *Id.* Thus, the BIA concluded, "the 'offense under' language [of § 1229b(b)(1)(C)] is a limited cross-reference . . . that incorporates only the offense-specific characteristics of the cross-referenced sections." *Id.* at 397; *see also Matter of Cortez Canales*, 25 I. & N. Dec. 301, 308 (B.I.A. 2010) (ruling that § 1229b(b)(1)(C) "should be read to cross-reference a list of offenses in three statutes [§§ 1182(a)(2), 1227(a)(2), and 1227(a)(3)], rather than the statutes as a whole").

While we need not chronicle every case, the circuit courts agree, concluding either that the text of § 1229b(b)(1)(C) is unambiguous or that the BIA's interpretation of it is reasonable. For example, the Ninth Circuit, reviewing the BIA's decision in *Ortega-Lopez*, deferred to the BIA's interpretation of § 1229b(b)(1)(C) and held that "the offenses described under the cross-referenced sections apply to all aliens—regardless of admission status—for purposes of § 1229b(b)(1)(C)'s bar on cancellation of removal." *Ortega-Lopez v. Barr*, 978 F.3d 680, 692 (9th Cir. 2020) (internal quotation marks omitted). The court determined it was reasonable for the BIA "to conclude that ambiguous statutory cross-references will not always incorporate every component of the referenced section." *Id.* Other circuits have reached similar conclusions. *See, e.g.*, *Andrade-Zamora v. Lynch*, 814 F.3d 945, 951 (8th Cir. 2016) ("[T]he natural reading of [§ 1229b(b)(1)(C)'s] cross-reference is that it refers only to the list of offenses in § 1227(a)(2), not the

immigration consequences. After all, it is not possible to be 'convicted' of being deportable (the immigration consequence)—only to be 'convicted' of a crime involving moral turpitude (the offense)."); *Hernandez v. Holder*, 783 F.3d 189, 193 (4th Cir. 2015) ("In short, § 1229b(b)(1)(C) cross-references only *the offenses* that preclude cancellation of removal, not the *immigration consequences* that stem from those offenses."); *Coyomani-Cielo v. Holder*, 758 F.3d 908, 914-15 (7th Cir. 2014) ("[F]or purposes of the eligibility criteria of [§ 1229b(b)(1)(C)], only language specifically pertaining to the criminal offense, such as the offense itself and the sentence imposed or potentially imposed, should be considered. Under this interpretation, it does not matter whether the particular individual is 'inadmissible' or 'deportable.'" (citations and internal quotation marks omitted)).

The Fifth Circuit also agrees, although it has concluded that § 1229b(b)(1)(C) is unambiguous because "it is not possible to be convicted *under* [§ 1227(a)(2)] as it only refers to categories of offenses that are criminalized by other statutes." *Nino v. Holder*, 690 F.3d 691, 697 (5th Cir. 2012). In *Nino*, the court observed that § 1229b(b)(1)(C)'s cross-reference to § 1227 merely "provides . . . a list of the kinds of offenses which bar cancellation of removal." *Id.* Thus, rejecting an alien's argument that § 1227(a)(2) requires a disqualifying CIMT conviction to be "committed within five years of admission," the court held "that [§] 1229b(b)(1)(C), without ambiguity, references [§] 1227(a)(2) in order to identify the kinds of offenses that will make an alien ineligible for cancellation of removal. For purposes of that

8

ineligibility, it does not matter when the offense occurred in relation to the alien's admission." *Id.* at 697-98.

Regardless of whether there is ambiguity in the statutory scheme, we agree with these authorities. *See Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015) (recognizing BIA's reasonable interpretation of ambiguous statutory terms is entitled to deference). Section 1229b(b)(1)(C) precludes aliens from cancellation of removal if they have been "convicted of an offense under" § 1227(a)(2). It is nonsensical to suggest § 1229b(b)(1)(C) incorporates all of § 1227(a) because for purposes of cancellation of removal it is does not matter that Ramos-Castellanos was not "admitted to the United States" as stated in § 1227. Section 1229b(b)(1)(C) cross-references § 1227(a)(2) to import the disqualifying offenses that render an alien ineligible for cancellation of removal. Thus, while Ramos-Castellanos's CIMT conviction may fall under the petty-offense exception of § 1182(a)(2)(A)(ii)(II), he is still disqualified from eligibility for cancellation of removal because it is a disqualifying offense under § 1227(a)(2)(A)(i).

Ramos-Castellanos urges us to "overrule the BIA's interpretation in favor of the unambiguous interpretation the statute requires," Reply Br. at 1, but the foregoing analysis and authorities defeat his argument. To the extent he suggests the rule of lenity requires us to interpret § 1229b(b)(1)(C) in his favor, this is not a case warranting application of the rule of lenity. *See Hernandez*, 783 F.3d at 196 (recognizing the rule of lenity "applies only where there is a grievous ambiguity,"

otherwise the court must defer to the BIA's construction (internal quotation marks omitted)).

III

Accordingly, the petition for review is denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge