MATTER OF LAMBERT

In Deportation Proceedings

A-8437778

*Decided by Board October 22, 1965*

(1) Conviction for offering to secure another for the purpose of prostitution in violation of section 796.07 of Florida Statutes and section 26-77 of the City of Tampa Code is conviction of a crime involving moral turpitude.

(2) Conviction for letting or renting rooms with knowledge that the rooms were to be used for the purpose of lewdness, assignation or prostitution in violation of section 26-42 of the City of Tampa Code is conviction of a crime involving moral turpitude.

CHARGES:

Order: Act of 1952—Section 241(a)(12) [8 U.S.C. 1251(a)(12)]—Alien who procured prostitutes.

Lodged: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes—letting rooms for the purpose of prostitution; offering to secure another for purpose of prostitution.

This case is before us on appeal from a decision of a special inquiry officer directing the respondent's deportation.

The respondent is a 74-year-old divorced male, native and citizen of Canada, who was admitted to the United States for permanent residence on February 4, 1953. He last arrived in the United States in February 1962 after a short absence in Canada but this arrival has no relevance to the issue of deportability. The special inquiry officer found that the respondent had been convicted in the Municipal Court of Tampa, Florida, on four occasions as follows: on February 16, 1962 and June 29, 1962 for renting or letting rooms with the knowledge that such rooms were to be used for the purpose of lewdness, assignation or prostitution (Exs. 3 and 4), and on April 26, 1963 for two offenses committed on January 10, 1963 and March 11, 1963 (Exs. 5 and 6), each involving violations of Florida Statutes §796.07 and Tampa Code §26-77. The special inquiry officer concluded that the charge in the order to show cause could not be sus-

340

tained, and this conclusion was not challenged by the trial attorney or the appellate trial attorney. For that reason, we will not discuss that charge. The sole issue in this case is whether the respondent is deportable on the lodged charge.

From the special inquiry officer's decision, it appears that he disregarded the conviction for the offense committed on March 11, 1963. (Ex. 6), not only in connection with the charge in the order to show cause, but also with respect to the lodged charge. This was based on the fact that the respondent was not convicted of having on March 11, 1963 actually procured another for the purpose of prostitution or for any other lewd or indecent act, but rather was convicted merely of having *agreed* to secure another. The special inquiry officer concluded that the lodged charge as sustained on the basis of the conviction for the offense committed on January 10, 1963 (Ex. 5) and the convictions of February 16, 1962 and June 29, 1962 (Exs. 3 and 4). The conviction for the offense committed on January 10, 1963 shows that the respondent offered to secure another for the purpose of prostitution and directed Brenda Barnes to J. W. Roberts for the purpose of prostitution. Counsel appears to have conceded during the oral argument that this latter offense involves moral turpitude, and we are satisfied that it does.

In view of the foregoing and inasmuch as 8 U.S.C. 1251(a)(4) requires conviction of two crimes involving moral turpitude, the question in the respondent's case resolves itself into whether there was one additional such crime, that is, whether the conviction on February 16, 1962 or the conviction on June 29, 1962 relates to crimes involving moral turpitude. These two convictions pertained to letting or renting rooms with the knowledge that such rooms were to be used for the purpose of lewdness, assignation or prostitution in violation of section 26-42 of the City of Tampa Code.

In connection with the words "lewdness, assignation or prostitution" in the conviction record, counsel seems to contend that, in order that a determination might be made as to whether the crime involved moral turpitude, there was some obligation on the part of the Service to adduce additional evidence to show whether the renting of the room was with knowledge that it was to be used for the purpose of lewdness or for the purpose of assignation or for the purpose of prostitution. Actually, it would have been improper for the Service to have produced additional evidence since it has long been settled judicially that the immigration authorities may not go behind the record of conviction to examine the circumstances under which the crime was committed, and the determination of whether a crime involves moral turpitude must be made on the basis of the statutory.

341

definition of the crime and the record of conviction. *United States ex rel. Zaffarano* v. *Corsi*, 63 F.2d 757 (2d Cir., 1933); *United States ex rel. Meyer* v. *Day*, 54 F.2d 336, 337 (2d Cir., 1931); *United States ex rel. Robinson* v. *Day*, 51 F.2d 1022 (2d Cir., 1931).

Counsel relied on our decision in *Matter of L—*, 3 I. & N. Dec. 199 (1948), involving a conviction under section 1179 of the Compiled Ordinances of the City of Tampa, Florida. As stated there, the exact language of the ordinance was not part of the record but the special inquiry officer, in his decision concerning this respondent, indicated that it was apparently the predecessor of section 26–42. In discussing *Matter of L—*, the special inquiry officer stated (decision, p. 6) that we had held there that a conviction for operating a house of assignation for debauchery did not involve moral turpitude, but this is an erroneous statement because we did not reach such a conclusion and the case did not even relate to whether that alien had been convicted of a crime involving moral turpitude. However, it would seem that such a crime would involve moral turpitude. In *Matter of L—*, the alien was charged with deportability on only one ground, that is, that he had been found managing a house of prostitution. We said that, at most, the hotel which he owned had been used as a house of *assignation* on occasions but that there was no evidence that it was a house of *prostitution* as required by section 19 of the Immigration Act of 1917. Since that charge is not involved in the respondent's case, *Matter of L—* is inapposite.

The special inquiry officer has pointed out that, under section 796.07(1)(b) and (c) of the Florida Statutes, the term "lewdness" shall be construed to include any indecent or obscene act and the term "assignation" includes the making of any appointment or engagement for prostitution or lewdness. In *Matter of P—*, 3 I. & N. Dec. 20 (1947), we held that a conviction under the California Penal Code for keeping a house of ill-fame resorted to for the purposes of prostitution and lewdness clearly involved moral turpitude. We are satisfied that the respondent's violations on January 26, 1962 and April 20, 1962 for renting rooms with knowledge that the rooms were to be used for the purpose of lewdness, assignation or prostitution were for crimes involving moral turpitude. Inasmuch as the respondent has been convicted of three crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, we conclude that he is deportable under 8 U.S.C. 1251(a)(4). As the special inquiry officer indicated, the respondent is not eligible for any discretionary relief. Accordingly, his appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.