**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AVINESH ANAND ROHIT,
                          *Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

                          *Respondent.*

No. 10-70091

Agency No.
A042-690-622

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 12, 2012—San Francisco, California

Filed February 29, 2012

Before: J. Clifford Wallace and Milan D. Smith, Jr.,
Circuit Judges, and Jed S. Rakoff, Senior District Judge.*

Opinion by Judge Wallace

---

*The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for Southern New York, sitting by designation.

2257

## COUNSEL

Raul Ray and Katarina Rost, Law Office of Raul Ray, San Jose, California, for the petitioner.

Nancy K. Canter and Laura Halliday Hickein, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

## OPINION

WALLACE, Senior Circuit Judge:

Avinesh Anand Rohit petitions for review of a decision of the Board of Immigration Appeals (Board) denying his application for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

### I.

Rohit was convicted for disorderly conduct involving prostitution under California Penal Code § 647(b) and attempting to dissuade a witness or victim under California Penal Code § 136.1(c).

In Rohit's removal proceeding, the immigration judge (IJ) held that these statutes categorically constitute crimes involving moral turpitude, making Rohit removable under 8 U.S.C. § 1227(a)(2)(A)(ii). The IJ denied Rohit's application for relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture, but did not address his request for voluntary departure. The Board affirmed the IJ's decision, but remanded for the IJ to address Rohit's request for voluntary departure.

On remand the IJ denied voluntary departure, and the Board dismissed the appeal that followed. Rohit petitioned this court for review of each of the preceding decisions. We denied the petition for review as to his request for asylum, withholding of removal, and relief under the Convention Against Torture, but held that the Board had overlooked Rohit's argument that disorderly conduct involving prostitution does not involve moral turpitude. We remanded to the Board to determine whether disorderly conduct involving prostitution involves moral turpitude.

On remand, the Board held that disorderly conduct involving prostitution is a crime involving moral turpitude. Relying on its prior holding that dissuading a witness or victim involves moral turpitude, the Board held that Rohit was removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for committing two crimes involving moral turpitude. Rohit now petitions us for review, arguing that he is not removable because disorderly conduct involving prostitution is not a crime involving moral turpitude.

## II.

We are asked to determine whether violation of California Penal Code § 647(b) is a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). When the Board has issued a decision interpreting ambiguous terms in the Immigration and Naturalization Act, we review its decision with

some level of deference. *Marmolejo-Campos v. Holder*, 558 F.3d 903, 909 (9th Cir. 2009) (en banc).

Congress has plenary power over immigration. *United States v. Hernandez-Guerrero*, 147 F.3d 1075, 1076 (9th Cir. 1998). " '[O]ver no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), *quoting Oceanic Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909). In adopting the Immigration and Naturalization Act, Congress delegated significant authority to promulgate rules relating to immigration to the Attorney General and the Board. *Garcia v. Holder*, 659 F.3d 1261, 1266 (9th Cir. 2011); *see also* 8 U.S.C. § 1103(g). In light of this delegation, our first task in reviewing any decision by the Board is to determine the proper level of deference to which the Board is entitled.

We give significant deference to the Board "(1) 'when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law,' *and* when (2) 'the agency interpretation claiming deference was promulgated in the exercise of that authority.' " *Marmolejo-Campos*, 558 F.3d at 908, *quoting United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). Under these circumstances, we must accept the Board's interpretation if it is " 'based on a permissible construction of the statute.' " *Id.* at 909, *quoting Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). Because the term "moral turpitude" is "the quintessential example of an ambiguous phrase," *id.*, we apply *Chevron* deference to the Board's interpretations of that term in its precedential decisions. *Id.* at 911. Where the Board has determined "that certain conduct is morally turpitudinous in a precedential decision, we apply *Chevron* deference regardless of whether the order under review is the precedential decision itself or a subsequent unpublished order that relies upon it." *Id.*

On the other hand, when the Board issues an unpublished opinion that interprets a statute without relying on a published opinion, we give the decision less deference. *Id.* at 909. That level of deference "varies 'depend[ing] upon the thoroughness evident in [the opinion's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.' " *Id.*, *quoting Skidmore v. Swift & Co.*, 232 U.S. 134, 140 (1944).

The Board's decision here was unpublished, so its decision that the conduct at issue involved moral turpitude is entitled to *Chevron* deference only if it relies on a published decision —that is, if a published decision addressed the same issue. *See Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1014 (9th Cir. 2006). The Attorney General does not assert that the Board has ever found, in a published opinion, that solicitation of prostitution is a crime involving moral turpitude. Rather, he argues that this result flows naturally from precedential cases holding that prostitution involves moral turpitude, *see W.*, 4 I. & N. Dec. 401, 401-02 (Bd. Immigration Appeals 1951), and that facilitating prostitution by renting a room with the knowledge that it will be used for prostitution involves moral turpitude, *see Lambert*, 11 I. & N. Dec. 340, 342 (Bd. Immigration Appeals 1965). While these cases may support the Board's decision on the merits, they do not make its decision precedential. Because the Board has not decided in a precedential case whether Rohit's conduct involves moral turpitude, we apply *Skidmore* deference to its non-precedential decision that it does. *Marmolejo-Campos*, 558 F.3d at 909-11.

III.

**[1]** We now address whether California Penal Code § 647(b), which prohibits disorderly conduct involving prostitution, is categorically a crime involving moral turpitude. As set forth in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether section 647(b) is a crime involving moral

turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii), we first employ the categorical approach and, if the statutes are not a "categorical match," we apply a modified categorical approach. *Marmolejo-Campos*, 558 F.3d at 912.

**[2]** Under the categorical approach, we compare the statute of conviction to the generic definition of moral turpitude. *Id.* If the statute bans only actions that involve moral turpitude, then it is categorically a crime involving moral turpitude. *Id.* In other words, California Penal Code section 647(b) is a "categorical match" with 8 U.S.C. § 1227(a)(2)(A)(ii) unless there is "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition" of moral turpitude. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

**[3]** The generic definition of "crimes involving moral turpitude" encompasses crimes that "are base, vile, or depraved —if they offend society's most fundamental values, or shock society's conscience." *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1074 (9th Cir. 2007) (en banc) (Reinhardt, J., concurring, writing for the majority), *overruled on other grounds by United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc). "[I]n general, such offenses are those that are intrinsically wrong (*malum in se*) or require evil intent." *Mendoza v. Holder*, 623 F.3d 1299, 1302 (9th Cir. 2010), *citing Uppal v. Holder*, 605 F.3d 712, 716 n.2 (9th Cir. 2010). However, these definitions are too general to be of much assistance in every case. Therefore, it is often helpful to "determine whether a state crime involves moral turpitude by comparing it with crimes that have previously been found to involve moral turpitude." *Id.*, *citing Nunez v. Holder*, 594 F.3d 1124, 1131 & n.4 (9th Cir. 2010).

**[4]** The Board has, in precedential decisions, identified certain crimes that involve moral turpitude that are quite similar to solicitation of prostitution, including "any act of prostitution, assignation, or any other lewd or indecent act," *W.*, 4

I. & N. Dec. at 401-02, 404; renting a room with the knowledge that it will be used for "lewdness, assignation or prostitution." *Lambert*, 11 I. & N. Dec. at 342; and "keeping a house of ill-fame resorted to for the purposes of prostitution and lewdness." *Id.*, *citing P.*, 3 I. & N. Dec. 20 (1947). These Board decisions are entitled to *Chevron* deference and are certainly permissible interpretations of the statute.

On the other hand, we have also identified examples of crimes that do not categorically involve moral turpitude, such as public exposure, *Nunez*, 594 F.3d at 1138; and consensual intercourse between a 15-year-old and a 21-year-old, *Quintero-Salazar v. Keisler*, 506 F.3d 688, 693-94 (9th Cir. 2007).

**[5]** Rohit was convicted for disorderly conduct involving solicitation of prostitution under California Penal Code § 647(b), which reads:

> [E]very person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:
>
> . . .
>
> (b) Who solicits or who agrees to engage in or who engages in any act of prostitution. A person agrees to engage in an act of prostitution when, with specific intent to so engage, he or she manifests an acceptance of an offer or solicitation to so engage, regardless of whether the offer or solicitation was made by a person who also possessed the specific intent to engage in prostitution. No agreement to engage in an act of prostitution shall constitute a violation of this subdivision unless some act, in addition to the agreement, is done within this state in furtherance of the commission of an act of prostitution by the person agreeing to engage in that act. As used in

this subdivision, "prostitution" includes any lewd act between persons for money or other consideration.

We hold that soliciting an act of prostitution is not significantly less "base, vile, and depraved" than engaging in an act of prostitution. Solicitation is the direct precursor to the act. A person who solicits an act of prostitution does not become appreciably more morally turpitudinous when the other party accepts or the two engage in the act. The base act is the intended result of the base request or offer.

**[6]** Solicitation of prostitution is also closely analogous to renting a room with the knowledge that it will be used for prostitution. Both are intended to facilitate the act of prostitution. There is no meaningful distinction that would lead us to conclude that engaging in an act of prostitution is a crime of moral turpitude but that soliciting or agreeing to engage in an act of prostitution is not. Because California Penal Code § 647(b) does not prohibit any conduct that does not also satisfy the generic definition of conduct involving moral turpitude, it is a "categorical match" with 8 U.S.C. § 1227(a)(2)(A)(ii).

While we have found that public exposure and statutory rape are not categorically crimes of moral turpitude, those decisions do not persuade us that the Board erred in this case. Public exposure and statutory rape have superficial similarities to solicitation of prostitution in that they involve sexual conduct, but they do not form a close analogy. Public exposure might be a crime of moral turpitude in circumstances under which "unwanted, sexually motivated exposure would be highly threatening, intrusive, and psychologically damaging to viewers," *Nunez*, 594 F.3d at 1138, but we concluded that it was not categorically a crime involving moral turpitude because it encompassed conduct protected by the First Amendment and de minimis provocations. *Id.* at 1136-38. Rohit does not argue that solicitation of prostitution is protected speech or that it can involve de minimis acts of prosti-

tution. Rather, solicitation of prostitution is always base, vile, and depraved.

Similarly, sex between an adult and a minor may be prohibited, but it is not inherently morally turpitudinous. As we recognized in *Quintero-Salazar*, the conduct criminalized by California's statutory rape law was legal if the couple was married. 506 F.3d at 693. We also reasoned that the same conduct was legal in other states and that California's purpose in passing the law was more pragmatic than moral—they were attempting to reduce teenage pregnancies. *Id.* Prostitution, on the other hand, and solicitation thereof, always involves sexual exploitation. Our finding that statutory rape is not categorically a crime involving moral turpitude does not provide a close analogy to the crime of soliciting an act of prostitution.

Rohit argues that solicitation of prostitution is not analogous to prostitution because prostitution often involves repeated acts of prostitution. This argument does not persuade us for two reasons. First, we owe *Chevron* deference to the Board's decision in *W.*, where it held that an ordinance that criminalized a single act of prostitution dealt with a crime involving moral turpitude. 4 I. & N. Dec. at 401-02, 404. Rohit offers no authority for the proposition that acts of prostitution are only morally turpitudinous if repeated. If a single act of prostitution involves moral turpitude, there is no reason why a single act of solicitation of prostitution does not.

Second, a crime that does not involve moral turpitude does not become a crime involving moral turpitude through repetition. *See Matter of Short*, 20 I. & N. Dec. 136, 139 (Bd. Immigration Appeals 1989) ("Moral turpitude cannot be viewed to arise from some undefined synergism by which two offenses are combined to create a crime involving moral turpitude, where each crime individually does not involve moral turpitude."). So whether solicitation of prostitution involves moral turpitude does not depend on how frequently a person engages in the act.

Rohit also argues that California's statute prosecutes crimes that would not be considered prostitution under the federal definition of prostitution applicable to 8 U.S.C. § 1182(a)(2)(D)(I). *See Gonzalez-Zoquiapan*, 24 I. & N. Dec. 549, 553 (Bd. Immigration Appeals 2008) (defining prostitution as "engaging in promiscuous sexual intercourse for hire," which must be "continu[ous] and regular[ ], indicating a pattern of behavior or deliberate course of conduct entered into primarily for financial gain or for other considerations of material value"). However, Rohit is not being removed for prostitution under section 1182(a)(2)(D)(I); he is being removed for committing two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). A crime does not have to meet the federal definition of prostitution in order to constitute a crime involving moral turpitude. *See Gonzalez-Zoquiapan*, 24 I. & N. Dec. at 554 (assuming that a violation of California Penal Code § 647(b) could constitute a crime involving moral turpitude even though it did not meet the definition of prostitution). Indeed, most crimes involving moral turpitude have nothing to do with prostitution.

**[7]** The Board did not err in concluding that Rohit's conviction under section 647(b) of the California Penal Code constituted a conviction of a crime involving moral turpitude. Because Rohit was convicted of two crimes involving moral turpitude, he was deportable under 8 U.S.C. § 1227(a)(2)(A)(ii), and we deny his petition for review.

**PETITION FOR REVIEW DENIED**.