**NOT FOR PUBLICATION**

MAR 02 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVERIO AUGUSTO CANEL-VELASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70718 <br><br> Agency No. A075-525-970 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 12, 2012
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RAKOFF, Senior District Judge.**

Silverio Augusto Canel-Velasquez petitions for review from a decision of

the Board of Immigration Appeals denying his application for cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jed S. Rakoff, Senior District Judge for the Southern District of New York, sitting by designation.

removal under 8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

8 U.S.C. § 1229b(b)(1)(C) makes an alien statutorily ineligible for cancellation of removal if the alien has been convicted of two crimes involving moral turpitude. *See also* 8 U.S.C. § 1182(a)(2)(A)(i)(I), (a)(2)(A)(ii). Canel-Velasquez conceded below that his conviction under California Penal Code § 496(a) for receipt of stolen property constitutes a crime involving moral turpitude. He now argues that his conviction for disorderly conduct involving prostitution under California Penal Code § 647(b) does not involve moral turpitude. Because a violation of section 647(b) is a crime involving moral turpitude, *Rohit v. Holder*, No. 10-70091 (9th Cir. Feb. ***, 2012), Canel-Velasquez has been convicted of two crimes involving moral turpitude and is statutorily ineligible for cancellation of removal.  8 U.S.C. § 1229b(b)(1)(C).

**PETITION FOR REVIEW DENIED.**