NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORKA BLACKWELL-HILL,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-74009

Agency No. 77-134-913

MEMORANDUM[*]

On Petition for Review of an Order of the Board of Immigration Appeals

Argued and Submitted April 8, 2015
Pasadena, California

Before: KLEINFELD and CLIFTON, Circuit Judges and SEEBORG,[**] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

Norka Blackwell-Hill, a citizen of Bulgaria, petitions for review of an order by the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") to deny her application for special rule cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant and remand the petition for review in part and deny the petition in part.

Blackwell-Hill was admitted to the United States on a B-2 nonimmigrant visa in September 1998. Her visa expired in early 1999. In February 1999, Blackwell-Hill was convicted of "solicitation for [the] purpose of prostitution" in Las Vegas, Nevada. In December 2004, Blackwell-Hill was convicted of "soliciting prostitution" in Las Vegas Township Justice Court.

In November 2009, the Department of Homeland Security initiated removal proceedings against Blackwell-Hill, charging that she was subject to deportation under 8 U.S.C. § 1227(a)(1)(B) as an alien who had overstayed her visa. At an immigration court removal hearing held in Las Vegas on January 20, 2010, Blackwell-Hill conceded that she had overstayed her visa and was present in the United States "illegally." Based on these admissions, the IJ sustained the charge of

removability.

Blackwell-Hill then filed an application for special rule cancellation of removal for battered spouses under 8 U.S.C. § 1229b(b)(2) ("special rule cancellation"). Despite finding that she had been subjected to extreme cruelty by her United States citizen husband, the IJ denied Blackwell-Hill's application. In relevant part, the IJ determined that Blackwell-Hill's 1999 and 2004 solicitation convictions were categorically crimes involving moral turpitude ("CIMTs"), thereby depriving her of the opportunity to seek relief by way of special rule cancellation.

Blackwell-Hill appealed the IJ's decision to the BIA, which dismissed her appeal in an unpublished order dated November 6, 2012. In affirming the IJ's determination that Blackwell-Hill was ineligible for special rule cancellation, the BIA concluded that her solicitation offenses qualified categorically as CIMTs:

> The record reflects, and the respondent admits, that she was convicted of solicitation for the purpose of prostitution in 1999 and 2004 . . . . We agree with the Immigration Judge that these convictions are categorically for crimes involving moral turpitude . . . . *See, e.g., Rohit v. Holder*,

670 F.3d 1085 (9th Cir. 2012) (California conviction for solicitation of prostitution was categorically for a CIMT). The respondent, who was represented by counsel before the Immigration Judge, did not contest this issue below,   nor does she contest it on appeal. (citations omitted).

The BIA also held that Blackwell-Hill was not, in connection with her special rule cancellation application, eligible to seek a waiver of her grounds of inadmissibility under 8 U.S.C. § 1182(h)(2) ("section 212(h) waiver").

In her petition for review, Blackwell-Hill first contends that her two Nevada convictions for solicitation of prostitution do not qualify as CIMTs. As the BIA noted, however, Blackwell-Hill did not raise that issue in the administrative proceedings below. Accordingly, the Attorney General argues, Blackwell-Hill failed to exhaust her administrative remedies and we lack jurisdiction to consider the CIMT question. *See, e.g., Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir. 1987).

Although Blackwell-Hill did not challenge the IJ's determination that her convictions constituted CIMTs, where the BIA "has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect." *Abede v. Gonzales,* 432 F.3d

4

1037, 1041 (9th Cir. 2005) (en banc).  Here, as evidenced by its reliance on our opinion in *Rohit v. Holder,* which had not been cited by the parties*,* the BIA "conducted an independent review of the record" and "exercised its own discretion" to conclude that Blackwell-Hill's convictions qualified as CIMTs.  *Abede*, 432 F.3d at 1040.  As a result, we have jurisdiction over that portion of the petition for review.

Yet, while the issue is technically exhausted, Blackwell-Hill's arguments concerning the Nevada crime of solicitation give rise to novel issues which the agency had no occasion to consider below.  Unlike the California statute addressed in *Rohit*, the Nevada statute does not generally prohibit prostitution and licenses it in certain circumstances.  Although the BIA does not necessarily have special expertise to evaluate whether the Nevada offense of solicitation meets the definition of a CIMT, under the unique circumstances of this case, it must be given a meaningful opportunity to conduct the analysis in the first instance.  We therefore grant Blackwell-Hill's petition in part and remand to the BIA for further proceedings to reconsider whether her convictions qualify categorically as CIMTs.

5

On remand, the BIA shall permit a new round of briefing on the merits of the CIMT issue. The BIA must analyze the elements of Blackwell-Hill's specific statute of conviction[1] in evaluating whether her Nevada convictions are categorically CIMTs. *See Leal v. Holder*, 771 F.3d 1140, 1144 (9th Cir. 2014) (to determine whether a crime is a CIMT under the categorical approach, BIA must "compare the elements of the statute of conviction to the generic definition of a crime of moral turpitude") (internal quotation marks and citation omitted). Nothing in this memorandum disposition should be construed as resolving the merits of Blackwell-Hill's arguments regarding whether or not convictions under Nevada Revised Statute § 201.354 constitute CIMTs.

Blackwell-Hill also petitions for review of the BIA's ruling that she was ineligible for a section 212(h) waiver. That prong of her petition is denied. For the reasons set forth in our opinion in *Garcia-Mendez v. Holder*, No. 12-73430 (9th Cir. June __, 2015), also issued today, aliens are not permitted to seek a section

---

[1] Despite the absence of any conclusive evidence in the administrative record, the parties agree that both of Blackwell-Hill's convictions arise under Nevada Revised Statute § 201.354.

6

212(h) waiver simply because they have applied for special rule cancellation of removal.

For the foregoing reasons, we **GRANT** in part and **DENY** in part Blackwell-Hill's petition for review. We **REMAND** in part to the BIA for further consideration of whether Blackwell-Hill's Nevada convictions for solicitation of prostitution are CIMTs. This panel retains jurisdiction over any future appellate proceedings in this matter. Each side to bear its own costs.

**PETITION FOR REVIEW DENIED in part, GRANTED in part, and REMANDED.**