RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0210p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JOSE DOLORES REYES,

*Petitioner,*

*v.*

No. 15-4402

LORETTA E. LYNCH, Attorney General,

*Respondent.*

On Petition for Review from a Final Order
of the Board of Immigration Appeals.
No. A075 880 596.

Decided and Filed:  August 26, 2016

Before:  MOORE, ROGERS, and SENTELLE,[*] Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Blake P. Somers, BLAKE P. SOMERS LLC, Cincinnati, Ohio, for Petitioner. Dawn S. Conrad, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

**OPINION**

_____

KAREN NELSON MOORE, Circuit Judge.  Petitioner Jose Dolores Reyes is a native and citizen of Mexico.  The Immigration Judge ("IJ") ordered Reyes removed to Mexico after finding that Reyes had been "convicted of two or more crimes involving moral turpitude,"

_____

[*]The Honorable David B. Sentelle, Senior United States Circuit Judge for the District of Columbia Circuit, sitting by designation.

1

8 U.S.C. § 1227(a)(2)(A)(ii), and the Board of Immigration Appeals ("BIA") agreed. Reyes petitions for review of the BIA's opinion, arguing that his 2000 conviction for soliciting prostitution is not a crime involving moral turpitude ("CIMT"). For the following reasons, we **DENY** Reyes's petition for review.

## I. BACKGROUND

Reyes entered the United States from Mexico, without inspection, in September 1994; Reyes became a lawful permanent resident of the United States in 1998. *See* Administrative Record ("A.R.") at 140–41 (Application for Cancellation of Removal at 1–2). Reyes is married and has five children, all of whom were born in the United States. *See id.* at 141 (Application for Cancellation of Removal at 2); *id.* at 178–82 (Birth Certificates).

The Department of Homeland Security served Reyes with a Notice to Appear on March 3, 2015. *Id.* at 281 (Notice to Appear at 1). Reyes was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) for "hav[ing] been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." *Id.* The Notice to Appear listed three prior criminal charges. *Id.* at 283 (Notice to Appear at 3). First, on August 17, 2000, Reyes was "convicted in the Hamilton Municipal Court [at] Hamilton Ohio, for the offense of Soliciting, in violation of 533.09 of the Codified Ordinances of Hamilton, Ohio and ORC." *Id.*; *see also id.* at 285 (8/17/00 Judgment Entry). Second, on September 19, 2003, Reyes was "convicted in the Hamilton Municipal Court [at] Hamilton Ohio, for the offense of Passing Bad Checks, in violation of 2913.11 of the Codified Ordinances of Hamilton, Ohio and ORC." *Id.* at 283 (Notice to Appear at 3); *see also id.* at 290 (9/19/03 Judgment Entry). Third, on January 18, 2005, Reyes was "convicted in the Hamilton Municipal Court [at] Hamilton Ohio, for the offense of Resisting Arrest, in violation of 2921.33 of the Codified Ordinances of Hamilton, Ohio and ORC." *Id.* at 283 (Notice to Appear at 3); *see also id.* at 297 (2/25/05 Judgment Entry).

The IJ issued an opinion on June 2, 2015, finding that Reyes's prior charges for soliciting prostitution and passing bad checks were CIMTs. *Id.* at 134 (6/2/15 IJ Op. at 4). With regard to Reyes's conviction for soliciting prostitution, the IJ noted that "[p]rior published BIA cases do not address this crime specifically." *Id.* at 133 (6/2/15 IJ Op. at 3). The IJ agreed with the Ninth

Circuit's decision in *Rohit v. Holder*, 670 F.3d 1085 (9th Cir. 2012), however, which held that solicitation of prostitution was a CIMT because it was "similar to other crimes the Board has previously found to be morally turpitudinous, including renting a room with knowledge that it will be used for prostitution, keeping a house for prostitution, and the act of prostitution." A.R. at 133 (6/2/15 IJ Op. at 3). The IJ issued an oral decision on June 18, 2015 that ordered Reyes removed. *Id.* at 71–73 (6/18/15 IJ Op. at 1–3).

Reyes appealed to the BIA, arguing that the single act of solicitation of prostitution for one's own behalf does not constitute a CIMT. *Id.* at 22 (Brief on Appeal to BIA at 8). Also finding the Ninth Circuit's opinion in *Rohit* persuasive, the BIA issued a separate opinion adopting and affirming the IJ's decision on November 30, 2015. *Id.* at 3–4 (9/30/15 BIA Op. at 1–2). Reyes now petitions for review of the BIA's decision.

## II. DISCUSSION

### A. Jurisdiction

We begin by addressing the scope of our jurisdiction. Although the Immigration and Nationality Act ("INA") generally strips courts of "jurisdiction to review the removal orders of petitioners deemed removable for having committed a CIMT," we retain "limited jurisdiction to review questions of law and constitutional claims arising from such orders." *Ruiz-Lopez v. Holder*, 682 F.3d 513, 516 (6th Cir. 2012) (citing 8 U.S.C. § 1252(a)(2)(D)). The only question presented in Reyes's petition for review is whether his conviction for solicitation of prostitution is a CIMT, Pet'r Br. at 14, a pure question of law. *See Ruiz-Lopez*, 682 F.3d at 516. We accordingly have jurisdiction to review Reyes's claim.

### B. Standard of Review

"Where, as here, the BIA expressly adopts and affirms the IJ's decision but adds comments of its own, we directly review the decision of the IJ while also considering the additional comments made by the [BIA]." *Yeremin v. Holder*, 738 F.3d 708, 714 (6th Cir. 2013) (internal quotation marks omitted). "The BIA's construction of ambiguous statutory provisions—such as the term 'crime involving moral turpitude'—is generally entitled to *Chevron*

deference," and we accordingly "must uphold the BIA's construction [of the definition of a CIMT] unless it is 'arbitrary, capricious, or manifestly contrary to the statute.'" *Ruiz-Lopez*, 682 F.3d at 516 (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984)). The BIA's interpretation of a state criminal statute is not entitled to deference and is reviewed de novo. *Ruiz-Lopez*, 682 F.3d at 517.

## C.  Reyes's Solicitation Conviction

The sole issue raised by Reyes in his petition for review is whether his conviction for solicitation of prostitution is a CIMT. Our Circuit has yet to address this question.

We apply the "categorical approach" to determine whether a crime involves moral turpitude. *Serrato-Soto v. Holder*, 570 F.3d 686, 689 (6th Cir. 2009). Under this framework, "we consider not whether the actual conduct constitutes a crime involving moral turpitude, but whether the full range of conduct encompassed by the statute constitutes a crime of moral turpitude." *Id.* at 689–90 (internal quotation marks omitted). In doing so, we look only to the elements of the offense, not to the specific facts underlying the conviction. *Id*. at 690. "If all offenses under the statute necessarily meet the definition of a CIMT, the analysis ends," but if "some offenses contemplated by the statute do not fit the BIA's definition of a CIMT, we move to the modified-categorical approach" and "examine[] certain record documents to determine whether the petitioner's specific offense under the statute qualifies as a CIMT." *Ruiz-Lopez*, 682 F.3d at 518. Reyes was convicted under § 533.09(a) of the Hamilton Codified Ordinances, which states that "[n]o person shall solicit another to engage with such other person in sexual activity for hire." *See* A.R. at 285 (8/17/00 Judgment Entry). This statute prohibits solely solicitation of prostitution, and thus the categorical approach is appropriate; we need only resolve the legal question of whether the BIA correctly determined that a conviction for solicitation of prostitution constitutes a CIMT.

"The term 'crime involving moral turpitude' is not defined in the INA or by agency regulations." *Yeremin*, 738 F.3d at 714. "The BIA has held that "a criminal offense 'involves 'moral turpitude' if the relevant statute defines the offense in such a manner that it necessarily entails conduct on the part of the offender that is inherently base, vile, or depraved, and contrary

to accepted rules of morality and the duties owed between persons or to society in general.'" *Serrato-Soto*, 570 F.3d at 689 (quoting *Matter of Kochlani*, 24 I. & N. Dec. 128, 129 (BIA 2007)). "Although not a universal rule, offenses that can be classified as 'malum in se' generally do involve moral turpitude, while those classified as 'malum prohibitum' do not." *Ruiz-Lopez*, 682 F.3d at 519.

The IJ and BIA both relied on the Ninth Circuit's decision in *Rohit* in holding that solicitation of prostitution is a CIMT. In *Rohit*, the Ninth Circuit recognized that "[t]he [BIA] has, in precedential decisions, identified certain crimes that involve moral turpitude that are quite similar to solicitation of prostitution." *Rohit*, 670 F.3d at 1089. Specifically, the BIA has found that the act of prostitution is a CIMT, *In the Matter of W----*, 4 I. & N. Dec. 401, 402 (BIA 1951), and the BIA has also found that "keeping a house of ill-fame" and "renting rooms with knowledge that the rooms were to be used for the purpose of . . . prostitution" are CIMTs, *Matter of Lambert*, 11 I. & N. Dec. 340, 342 (BIA 1965). Because these BIA decisions "are entitled to *Chevron* deference and are certainly permissible interpretations of the statute," the Ninth Circuit held that solicitation of prostitution was also a CIMT because "[t]here is no meaningful distinction that would lead us to conclude that engaging in an act of prostitution is a crime of moral turpitude but that soliciting or agreeing to engage in an act of prostitution is not." *Rohit*, 670 F.3d at 1089–90. Following similar reasoning, the Tenth and Eighth Circuits have also recently found solicitation of prostitution to be a CIMT. *See Gomez-Gutierrez v. Lynch*, 811 F.3d 1053, 1058–59 (8th Cir. 2016); *Florentino-Francisco v. Lynch*, 611 F. App'x 936, 938–39 (10th Cir. 2015).

We agree with our sister Circuits. We give *Chevron* deference to the BIA's reasonable interpretations of the INA issued in published opinions, *see Ruiz-Lopez*, 682 F.3d at 516, and the BIA has held that the act of prostitution itself is a CIMT, *Matter of W----*, 4 I. & N. Dec. at 402. Although Reyes argues that *profiting* from prostitution is meaningfully different from engaging in an act of personal solicitation of prostitution, *see* Pet'r Br. at 25, we disagree. As the Ninth Circuit concluded, "[s]olicitation is the direct precursor to the act" of prostitution. *Rohit*, 670 F.3d at 1089. If the BIA considers prostitution to be a CIMT, there is no reason to consider

the solicitation of prostitution to be "significantly less 'base, vile, and depraved'" than the act of prostitution itself. *Id.*

Reyes's additional argument to the contrary is also not persuasive. Reyes contends that solicitation of prostitution "is not uniformly[]regarded as illegal" and thus must constitute a crime that is malum prohibitum, rather than malum in se. *See* Pet'r Br. at 18. Reyes contends that countries such as Armenia, Poland, and the Dominican Republic have made prostitution itself legal, and even one jurisdiction in this country—Nevada—licenses the practice in some counties. *Id.* at 18–20; *see also* Nev. Rev. Stat. §§ 201.354 & 244.345. According to Reyes, "[a]ctivity which is at least decriminalized, if not fully legalized and even governmentally-regulated, in countries around the globe . . . simply cannot be an activity 'that shocks the public conscience,' nor can it be considered 'inherently base, vile, or depraved.'" Pet'r Br. at 20. This proves too much. Whether an act is universally criminalized can be a relevant factor to consider in determining whether a crime involving that act is malum prohibitum or malum in se, *see, e.g.*, *Quintero-Salazar v. Keisler*, 506 F.3d 688, 693 (9th Cir. 2007), but the mere fact that other countries may permit an act does not prevent that act from reasonably being considered by the BIA to be an act that "shocks the public conscience," *Matter of Short*, 20 I. & N. Dec. 136, 139 (B.I.A. 1989), particularly when the overwhelming majority of jurisdictions in this country still consider the practice illegal.

We acknowledge that the BIA's precedential decisions on prostitution are several decades old, *see, e.g.*, *In the Matter of W----*, 4 I. & N. Dec. at 402, and that there is now increased attention to the question of whether and to what extent prostitution should be criminalized. *See, e.g.*, Emily Bazelon, *Should Prostitution Be A Crime?*, N.Y. Times (May 5, 2016), http://www.nytimes.com/2016/05/08/magazine/should-prostitution-be-a-crime.html. Indeed, the BIA recently recognized that there has been a "transformation" of views relating to prostitution in recent years. *In re: Sehmi*, 2014 WL 4407689, at *7 (BIA Aug. 19, 2014). Nonetheless, the BIA in *Sehmi*—an unpublished and thus nonprecedential decision—considered the same question that we are confronted with here, and ultimately found the Ninth Circuit's reasoning in *Rohit* persuasive and that solicitation of prostitution was a CIMT. *Id.* at *6–7.

Although our society's—and the BIA's—views regarding prostitution and solicitation of prostitution may continue to "transform[]," *see id.* at *7, the BIA's precedential opinions on prostitution are entitled to *Chevron* deference and they are not unreasonable. *Rohit*, 670 F.3d at 1089–90. Because there is no reason to treat the offense of solicitation of prostitution differently than the offense of prostitution itself, Reyes's conviction for solicitation of prostitution constitutes a CIMT.

### III. CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**.