NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSTANTINO COLORADO HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-72381 <br><br> Agency No. A089-859-600 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Constantino Colorado Hernandez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' decision dismissing his appeal

from an immigration judge's order denying cancellation of removal. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo whether a conviction constitutes a crime involving moral turpitude. *Tall v. Mukasey*, 517 F.3d 1115, 1119 (9th Cir. 2008). We deny the petition for review.

The agency did not err in determining that Colorado Hernandez's convictions under California Penal Code §§ 350(a)(1) and 647(b) are crimes involving moral turpitude, and therefore that he is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C) (aliens convicted of crimes involving moral turpitude are not eligible for cancellation of removal). We are not persuaded by Colorado Hernandez's contentions that precedent establishing his convictions are crimes involving moral turpitude do not control. In *Tall v. Mukasey*, 517 F.3d 1115 (9th Cir. 2008), the court held that a conviction under California Penal Code § 350(a), including all subsections, is a crime involving moral turpitude, and in *Rohit v. Holder*, 670 F.3d 1085 (9th Cir. 2012), the court analyzed only whether California Penal Code § 647(b) is a crime involving moral turpitude, notwithstanding any related crimes.

We do not address Colorado Hernandez's contentions that *Tall* and *Rohit* were wrongly decided, because a three-judge panel lacks authority to overrule prior precedent. *See De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**