NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VASLLIS TZOYTZOYRAKOS, AKA Vasilis Tzoytzoyrakos, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-73067 <br><br> Agency No. A078-008-792 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2018[**]
Pasadena, California

Before:  BEA and MURGUIA, Circuit Judges, and BASTIAN,[***] District Judge.

Petitioner Vasllis Tzoytzoyrakos petitions for review of the Board of

Immigration Appeals' decision that (1) dismissed his appeal under 8 C.F.R. §

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

1003.1(d)(2)(i)(E) for failure to file a brief (after indicating on the Notice to Appeal that he would do so; (2) adopted and affirmed the Immigration Judge's denial of his application for adjustment of status pursuant to section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i); and (3) denied his application for a waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Where the Board dismissed an appeal on purely procedural grounds, such as those set forth in 8 C.F.R. § 1003.1(d)(2)(i)(E), this court reviews only for abuse of discretion. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). In this case, the Board dismissed the appeal under 8 C.F.R. § 1003.1(d)(2)(i)(E) for failure to file a brief after Petitioner indicated on the Notice of Appeal that he would do so. Petitioner has not argued the Board abused its discretion in summarily dismissing his appeal. We do not consider matters not specifically and distinctly raised and argued in an opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). As such, we uphold the Board's dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E).

Furthermore, we need not consider Petitioner's argument that his convictions for indecent exposure cannot be the basis for the denial of his application for adjustment of status because he was also convicted of solicitation,

which is categorically a crime involving moral turpitude. *Rohit v. Holder*, 670 F.3d 1085, 1091 (9th Cir. 2012) (holding the BIA did not err in concluding that a conviction under section 647(b) of the California Penal Code constituted a conviction of a crime involving moral turpitude). Petitioner never challenged the Immigration Judge's finding that solicitation of a prostitute under Cal. Penal Code 647(b) is a crime involving moral turpitude that renders him ineligible to seek adjustment of status, nor did he raise any argument regarding these convictions in his opening brief. 8 U.S.C. § 1252(d)(1)("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right."); *Padgett*, 587 F.3d at 985 n.2.

Finally, we do not have jurisdiction to hear Petitioner's appeal regarding the denial of his waiver of inadmissibility. Petitioner has not presented any legal or constitutional challenges on this issue. His challenges to the agency's exercise of its discretion in weighing his proffered evidence of rehabilitation and hardship do not invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B); *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007).

**PETITION DENIED.**