NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE FILEMON HERNANDEZ-ROJAS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-70161 Agency No. A077-101-481 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019**

Before: CALLAHAN and KLEINFELD, Circuit Judges, and RESTANI,*** Judge.

Jose Filemon Hernandez-Rojas, a native and citizen of Mexico, petitions for

review of the board of Immigration Appeals' decision dismissing his appeal from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

an immigration judge's order denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a conviction constitutes a crime involving moral turpitude. *Tall v. Mukasey*, 517 F.3d 1115, 1119 (9th Cir. 2008). We deny the petition for review.

First, we are not persuaded by the Government's argument that Hernandez-Rojas failed to sufficiently raise his claim before the BIA. Although we may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right," 8 U.S.C. § 1252(d)(1), the exhaustion doctrine is not employed in a formalistic manner and it does not demand perfect precision. *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008). When, as here, an issue was clearly raised before the BIA and the BIA decides the issue, that issue is exhausted, even if the petitioner makes slightly different or more expansive arguments in support of that issue before this court. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008).

The BIA did not err in determining that Hernandez-Rojas' convictions under California Penal Code § 647(b) are crimes involving moral turpitude, and therefore that he is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C) (barring certain exceptions, aliens convicted of crimes involving moral turpitude are not eligible for cancellation of removal). We are not persuaded by Hernandez-Rojas' contention that precedent establishing his convictions are crimes involving

moral turpitude do not control. *See Rohit v. Holder*, 670 F.3d 1085, 1091 (9th Cir. 2012) (holding that solicitation of prostitution under California Penal Code §647(b) constitutes a crime involving moral turpitude).

As a three-judge panel, we lack authority to overrule *Rohit*. *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**