**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOAQUIN ALVARADO-ALVARADO, AKA Joaquin Alvarado, | Nos.   16-73315 |
| | 17-71138 |
| Petitioner, | |
| | Agency No. A072-009-938 |
| v. | |
| | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Joaquin Alvarado-Alvarado ("Petitioner"), a native and citizen of El

Salvador, petitions for review of two decisions of the Board of Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appeals ("BIA"). In the first, the BIA dismissed Petitioner's appeal of the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). In the second, the BIA denied Petitioner's motion to reopen based on eligibility for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. "We review 'denials of asylum [and] withholding of removal . . . for substantial evidence.'" *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (quoting *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017)). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014). We dismiss the petition in part and deny it in part.

We have no jurisdiction to review the BIA's decision denying Petitioner's application for special rule cancellation of removal under NACARA. "[The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)] expressly precludes federal courts from reviewing the agency's factual determination that an immigrant is ineligible for *ABC* benefits or special rule cancellation of removal under NACARA § 203." *Ixcot v. Holder*, 646 F.3d 1202,

1213 (9th Cir. 2011).[1] "We do retain jurisdiction to review colorable constitutional claims and questions of law raised in a petition for review of a discretionary denial of NACARA cancellation." *Monroy v. Lynch*, 821 F.3d 1175, 1177 (9th Cir. 2016). Petitioner has not raised any colorable constitutional claims or questions of law. Instead, Petitioner challenges the agency's factual determinations about his eligibility for NACARA relief, including whether he entered the United States prior to September 19, 1990. We therefore have no jurisdiction over this claim.

Substantial evidence supports the denial of Petitioner's application for asylum. Petitioner failed to show that he suffered past persecution on account of a statutorily protected ground. Petitioner alleged that guerrillas threatened and shot at him when he was an active member of the Salvadoran army. However, "persecution resulting from membership in the police or military is insufficient, *by itself*, to establish persecution on account of membership in a particular social group or political opinion." *Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000). Petitioner also failed to show a well-founded fear of future persecution.

---

[1] Under NACARA, a national of El Salvador may be eligible for cancellation of removal if he or she is a registered member of the class settlement in *American Baptist Churches v. Thornburgh* (*ABC*), 760 F. Supp. 796 (N.D. Cal. 1991), but only if the applicant entered the United States on or before September 19, 1990. *See* IIRIRA § 309(c)(5)(C)(i)(I)(aa), 8 U.S.C. § 1101 note.

"Absent evidence of past persecution, [an applicant] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (internal quotation marks omitted). Petitioner did not present any evidence of guerrilla threats to him since his departure from El Salvador over 20 years ago. Substantial evidence therefore supports the denial of his asylum application.

For the same reasons, substantial evidence supports the denial of withholding of removal. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal.").

The BIA did not abuse its discretion in denying Petitioner's motion to reopen. Petitioner sought to reopen on the ground that his U.S. citizen daughter had sought a visa on his behalf, and that if it were granted he would apply for adjustment of status. A noncitizen applying for an immigrant visa "has the burden of establishing . . . clearly and beyond doubt that he is entitled to be admitted and is not inadmissible under [8 U.S.C. § 1182]." *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1308 (9th Cir. 2010) (internal quotation marks omitted). Under 8 U.S.C. § 1182, a noncitizen convicted of a crime involving moral turpitude is inadmissible

and ineligible for adjustment of status. *Safaryan v. Barr*, 975 F.3d 976, 981, 988 (9th Cir. 2020). In *Rohit v. Holder*, 670 F.3d 1085, 1091 (9th Cir. 2012), we held that a conviction for soliciting prostitution in violation of Cal. Penal Code § 647 constitutes a crime involving moral turpitude. Petitioner was convicted of soliciting prostitution in violation of Cal. Penal Code § 647. Petitioner is thus inadmissible and ineligible for adjustment of status on the record before the agency.[2] The BIA did not abuse its discretion in denying Petitioner's motion to reopen.

We dismiss the petition to review the BIA's denial of NACARA relief for lack of jurisdiction, and deny the remainder of the petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[2] The record does not indicate that Petitioner applied for, or has shown that he is eligible for, a waiver of inadmissibility under 8 U.S.C. § 1182(h).