**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 6 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRUZ ALBERTO GARCIA CRUZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5160

Agency No.
A216-639-455

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2025[**]
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Cruz Alberto Garcia Cruz, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal

from an order by an Immigration Judge ("IJ") denying asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and, reviewing for substantial evidence, *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), deny the petition.

1.  Garcia was found removable based on his conviction under California Penal Code § 647(b)(3) for solicitation of prostitution. Our jurisdiction to review "a final order of removal," 8 U.S.C. § 1252(a)(1), is stripped under 8 U.S.C. § 1252(a)(2)(C) when the petitioner's removal is premised on his commission of a crime involving moral turpitude ("CIMT"), and a violation of § 647(b)(3) is a CIMT, *see Rohit v. Holder*, 670 F.3d 1085, 1091 (9th Cir. 2012). We retain jurisdiction, however, to review "constitutional claims or questions of law" raised concerning the order of removal. 8 U.S.C. § 1252(a)(2)(D). The "application of law to undisputed or established facts," a paradigmatic mixed question of law and fact, "is a question of law within the meaning of § 1252(a)(2)(D)." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228 (2020) (cleaned up). Garcia contends that the undisputed facts do not provide a legal basis for the agency's denial of asylum or withholding, and this is a mixed question over which we have jurisdiction.[1]

2.  A petitioner seeking asylum or withholding must establish that the source of feared persecution is the government of the country of removal or forces that the government is unwilling or unable to control. *See Avetova-Elisseva v. INS*,

---

[1]   The jurisdiction-stripping statute does not apply to Garcia's CAT claim. *See Nasrallah v. Barr*, 590 U.S. 573, 579 (2020).

213 F.3d 1192, 1196 (9th Cir. 2000) (asylum); *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (withholding). The agency found that Garcia had not "shown that the Mexican government would be unable or unwilling to control any assailants."[2]

Garcia forfeited any challenge to this dispositive finding by failing to "specifically and distinctly" challenge it in his opening brief. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). Garcia twice mentions the unable-or-unwilling standard in his opening brief, but only to attack the agency's finding that he could safely and reasonably relocate in Mexico if removed. These passing references do not "coherently develop[]" a challenge to the agency's unable-or-unwilling finding with respect to the Mexican government. *Id.* (cleaned up).

3. "To be eligible for relief under CAT, an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Substantial evidence supports

---

[2] The agency also found Garcia's asylum application untimely. The government contends that we lack jurisdiction to review this finding, arguing that *Ramadan v. Gonzales*, in which we concluded we had jurisdiction, *see* 479 F.3d 646, 648 (9th Cir. 2007) (per curiam), is irreconcilable with *Wilkinson v. Garland*, 601 U.S. 209 (2024). Because Garcia's asylum application fails on the merits, we need not reach this argument. *See Kasnecovic v. Gonzales*, 400 F.3d 812, 814–15 (9th Cir. 2005).

the agency's determination that it is not probable that Garcia would be tortured if removed. Garcia was never harmed in Mexico. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) ("Evidence of past torture is relevant (though not alone sufficient) in assessing a particular petitioner's likelihood of future torture."). The violence his family members suffered occurred roughly 30 years ago, was localized, and his family thereafter safely resided in another part of Mexico for several years before coming to the United States. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) ("[T]he IJ must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal."). The country conditions evidence does "not come close to establishing" that Garcia "faces a greater-than-fifty-percent chance of being tortured." *Ruiz-Colmenares*, 25 F.4th at 751.[3]

4.    Substantial evidence also supports the agency's finding that the Mexican government would not consent to or acquiesce in Garcia's future torture. Although his family did not report the attack, state and federal authorities investigated it. The government's failure to identify the perpetrators does not compel the conclusion that it acquiesced in the harm. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

---

[3]    Garcia's contention that the IJ ignored this evidence is belied by the record.

**PETITION FOR REVIEW DENIED.**[4]

---

[4] The stay of removal, **Dkt. 3**, will dissolve upon the issuance of the mandate.